IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SeaCast of the Carolinas, Inc., Darnell Price, and Ernest Candies, III, | ) C/A No. 4:09-cv-00186-RBH ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) **ORDER** |
| Premise Networks, Inc., Darrell M. Holt, Larry Holt, and Nancy Holt, | ) ) ) |
| Defendants. | ) ) |

This matter is before the Court on the Defendants' Motion to Dismiss under Rule 12(b)(2), 12(b)(3), or alternatively, Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons stated below, this Court grants the Defendants' Motion to Dismiss pursuant to Rules 12(b)(3)[2] and 12(b)(2) of the Federal Rules of Civil Procedure.

**Background Facts and Procedural History**

Plaintiff SeaCast of the Carolinas, Inc. ("SeaCast") entered into a contract ("Contract") with defendant Premise Networks, Inc. ("Premise") on June 24, 2008, to provide general services in the installation of Premise's telecommunications cables at Ft. Bragg, North Carolina. The Contract

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The issues have been briefed by the parties, and this Court believes a hearing is not necessary.

[2] "[A] district court has the discretion to dismiss on the basis of improper venue before reaching the issue of personal jurisdiction." Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 n.3 (4th Cir. 2006).

includes a forum selection and arbitration clause in paragraph 26 under the heading "Dispute

Resolution." This paragraph provides in pertinent part:

> Any disputes arising under this Agreement must be brought in the State of North Carolina within two years from the date on which the dispute or claim arose. Any disputes, controversies, or claims arising out of or relating to this Agreement shall be resolved by binding arbitration submitted to a single arbitrator and held in Alamance County, North Carolina, or to a court of competent jurisdiction in Alamance County, North Carolina, and the parties waive any defenses as to venue or jurisdiction.

Further, paragraph 27 entitled "Jurisdiction and Venue" provides: "The parties acknowledge that the Agreement has been entered into in the State of North Carolina by [Premise] and will be interpreted under the laws of the State of North Carolina, unless otherwise mandated by law."

On January 23, 2009, SeaCast and its African-American owners, Darnell Price and Ernest Candies, III, filed this action against Premise and the Holts, as its officers and owners, asserting that Premise's termination of the Contract violated the Plaintiffs' civil rights and constituted discrimination. In their Complaint, the Plaintiffs specifically claim a "Violation of Civil Rights" under "42 USC 1985" and allege "That the Defendants did treat Plaintiffs in a manner inferior to that enjoyed by white citizens of these United States respecting their Contract." The Plaintiffs also assert state law claims for breach of contract, breach of contract accompanied by fraud, slander, and civil conspiracy; they are seeking actual, consequential, and punitive damages.

On April 13, 2009, the Defendants filed Defendants' Motion to Dismiss and Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Def. Mem. in Support") on the grounds that the parties have designated and selected the courts of Alamance County, North Carolina, as the only proper forum for any dispute arising out of the Contract, and this Court lacks personal jurisdiction over the Defendants. On May 12, 2009, the Plaintiffs filed a Memorandum in Opposition to

2

Defendants' Motion ("Plaintiffs' Mem. Opp."), claiming that the Contract's forum selection clause does not apply to their discrimination claims. On May 22, 2009, the Defendants filed a reply and attached supplemental authority. Thus, the matter has now been briefed extensively and is ripe for consideration.

## **Standard of Review**

A motion to dismiss based on a forum selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue. *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544 (4th Cir. 2006). "Dismissal is an appropriate procedure when faced with a valid and enforceable forum selection clause that provides the case should be brought in another forum."*Atlantic Floor Servs., Inc. v. Wal-Mart Stores, Inc.,* 334 F. Supp. 2d 875, 880 (D.S.C. 2004); *see Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585 (1991) (approving of dismissal pursuant to a valid forum selection clause); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.,* 696 F.2d 315, 318 (4th Cir. 1982) (remanding with instructions to dismiss and stating: "Both parties are free to pursue their remedies in the courts of New York in accordance with their agreement").

Rule 12(b)(2) of the Federal Rules of Civil Procedure is applicable to motions to dismiss for lack of personal jurisdiction. "When personal jurisdiction is challenged by the defendant, the plaintiff has the burden of showing that jurisdiction exists." *Tetrev v. Pride Int'l, Inc.*, 465 F. Supp. 2d 555, 558 (D.S.C. 2006). When the court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need only prove a prima facie case of personal jurisdiction. *Combs v. Bakker,* 886 F.2d 673, 675 (4th Cir. 1989). In determining the existence of personal jurisdiction, the court must draw all reasonable inferences from both parties' pleadings, even if they conflict, in the plaintiff's favor. *Tetrev,* 465 F. Supp. 2d at 558.

**Discussion**

The Contract at issue in this matter contains a forum selection clause, which provides that any disputes arising out of or related to the Contract will be litigated in North Carolina. "Federal law governs a district court's decision to enforce or not enforce a forum selection clause." *Scott v. Guardsmark Security,* 874 F. Supp. 117, 120 (D.S.C. 1995) (citing *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22 (1988)). Under federal law, a forum selection clause is *prima facie* valid and enforceable when it is the result of an arm's length transaction by sophisticated business entities absent some compelling and countervailing reason. *Atlantic Floor,* 334 F. Supp. 2d at 877. A forum selection clause should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. *Id.* Forum selection clauses may be considered unreasonable if: (1) their formation was induced by fraud or overreaching; (2) the complaining party will essentially be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state. *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972))

In the instant matter, it is undisputed that both contracting parties are sophisticated business entities[3] that freely and voluntarily entered into the Contract in North Carolina for a commercial project to be executed in North Carolina and governed by North Carolina law. Significantly, the Plaintiffs do not address any of the four circumstances they must prove to show unreasonableness. As such, reasonableness is not at issue here,[4] and the Plaintiffs effectively concede that the forum selection

---

[3] There are no facts to suggest otherwise, and no party has argued to the contrary.

[4] Nonetheless, applying the four factors to the facts of the instant matter, the Plaintiffs cannot meet their heavy burden. First, the record is devoid of any evidence of fraud or

4

clause at issue is valid and enforceable as a matter of law. The Plaintiffs, however, make two arguments that this Court must address. Reading the forum selection clause generously, the Plaintiffs take the position that the forum selection clause is limited such that it would neither apply to the Plaintiffs' tort claims or civil rights claim, which "is more in the nature of [a] tort claim," nor to the Plaintiffs in their individual capacities. [Plaintiffs' Mem. Opp., p.1]. This Court disagrees.

District courts in the Fourth Circuit have applied the Fourth Circuit's analysis in valid "choice of law" provisions[5] to forum selection clauses, holding that contract-related tort claims are subject to a valid forum selection clause. *See Varsity Gold, Inc. v. Lunenfeld,* No. CCB-08-550, 2008 WL 5243517

---

overreaching on the part of the Defendants. See Tetrev v. Pride Int'l Inc., 444 F. Supp. 2d 524, 530 (D.S.C. 2006) (The mere fact that a case is based upon or contains allegations of fraud does not render a forum selection clause unenforceable.). Second, the Plaintiffs cannot set aside the forum selection clause on grounds of inconvenience. SeaCast freely and voluntarily entered into the Contract in North Carolina for a commercial project to be executed in North Carolina and governed by North Carolina law. Whatever inconvenience the Plaintiffs would suffer being forced to litigate in North Carolina was clearly foreseeable at the time of contracting. Third, the Plaintiffs do not allege in their memorandum that the application of North Carolina law will cause an unfair result in the instant matter. Notably, the choice of North Carolina law and a North Carolina forum was a basis of the parties' bargain. In any event, even if this Court retained jurisdiction of this case, it would need to consult North Carolina law to resolve the dispute. [Contract, ¶ 27]. Finally, the majority of case law has clearly established that enforcement of the forum selection clause would not contravene a strong public policy of South Carolina. See Atlantic Floor, 334 F. Supp. 2d at 879-80; see also Minorplanet Sys. USA Ltd. v. Am. Aire, Inc., 628 S.E.2d 43, 45 n.1 (S.C. 2006) ("Under South Carolina law, a consent to jurisdiction clause is generally presumed valid and enforceable when made at arm's length by sophisticated business entities.").

[5]The Fourth Circuit has held that contract-related tort claims, in addition to contract claims, are subject to a valid choice of law provision. See Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 628 (4th Cir. 1999) (The Fourth Circuit has "honored the intent of the parties to choose the applicable law" where the given provision in the contract is "sufficiently broad to encompass contract-related tort claims."); cf. American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 93 (4th Cir.1996) (holding that an arbitration clause that provided arbitration for any dispute that "ar[ose] out of or related to" the agreement was a broad clause, "capable of expansive reach"); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 398 (1967) (labeling as "broad" a clause that required arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement").

5

(D. Md. Dec. 12, 2008) (dismissing contract-related tort claims for improper venue because the forum selection clause applied to all claims "arising from or related to" the agreement); *Varsity Gold, Inc. v. Cron,* No. 5:08-CV-81-BO, 2008 WL 4831418 (E.D.N.C. Nov. 5, 2008) (dismissing plaintiffs' contract-related claims for tortious interference with contracts and business relationships and unjust enrichment pursuant to Rule 12(b)(3) based on the forum selection clause contained in the contract); *see also Belfiore v. Summit Fed. Credit Union,* 452 F. Supp. 2d 629, 632 (D. Md. 2006) (finding that tort actions that arise out of the contractual relationship are subject to the forum selection clause so as to prevent artful pleading around such a clause); *Berry v. Soul Circus, Inc.*, 189 F. Supp. 2d 290, 294 (D. Md. 2002) (finding a forum selection clause in an employment contract to encompass plaintiff's tort claims). Moreover, these Fourth Circuit district court opinions are consistent with the majority of decisions from other circuits that have addressed this issue and have consistently ruled that a reasonable forum selection clause applies not only to contract claims, but to contract-related claims as well.[6]

**I:      Forum Selection Clause and the "42 USC 1985 claim"**

Addressing the Plaintiffs' arguments separately, the Plaintiffs first argue that their "42 USC 1985" discrimination claim is outside the scope of the forum selection clause because "[t]his is more in the nature of [a] tort claim . . . [and] [t]he parties did not consider discrimination and other tort claims [when] entering into the Agreement." However, the forum selection clause at issue here applies to

---

[6]See, e.g., Lambert v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1993) (providing that "contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties"); Crescent Int'l, Inc. v. Avatar Communities Inc., 857 F.2d 943, 944 (3d Cir. 1988); Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte, 536 F.3d 439, 444-45 (5th Cir. 2008); General Elec. Co. v. G. Siempelkamp GmbH & Co., 29 F.3d 1095, 1096 (6th Cir. 1994); Kochert v. Adagen Med. Int'l, Inc., 491 F.3d 674, 680 (7th Cir. 2007); Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 693-94 (8th Cir. 1997); Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 511-12 (9th Cir. 1988); Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987).

6

"[a]ny disputes, controversies, or claims arising out of or relating to this Agreement" and is broad enough to encompass the Plaintiffs' contract-related tort claims. *Cf. Prima Paint Corp.,* 388 U.S. at 398. Additionally, as discussed above, other courts in the Fourth Circuit have consistently found similarly worded contractual forum selection and arbitration clauses to apply to contract-related tort claims. In the instant matter, all of the Plaintiffs' claims arise out of or relate to the Defendants' termination of the Contract with the Plaintiffs to install telecommunications cables at Fort Bragg, North Carolina. Thus, this Court finds that all of the Plaintiffs' contract-related claims, including the tort claims, are subject to the forum selection clause in the Contract.

At first glance, the civil rights claim alleged by the Plaintiffs pursuant to "42 USC 1985" may relate to the Contract at issue as well, as the Plaintiffs would have no basis for their discrimination claim had the parties not entered into the Contract. However, the Fourth Circuit has not decided whether civil rights claims are subject to a valid and enforceable forum selection clause, and federal courts in other circuits are split on the issue.[7] Without deciding the issue and assuming that the forum selection clause in the instant matter *does not* apply to the Plaintiffs' civil rights claim, dismissal is still appropriate because this Court lacks personal jurisdiction over the Defendants.

---

[7]Compare Red Bull Assocs. v. Best Western Int'l, Inc., 862 F.2d 963, 967 (2d Cir. 1988) (refusing to enforce an otherwise valid forum selection clause on the basis that it would frustrate enforcement of Title VII), and Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135 (N.D. Cal. 2000) (declining to enforce forum selection clause where it would undermine society's interest in rooting out discrimination and ensuring that the disabled members of society may equally partake in social intercourse), with Woolf v. Mary Kay Inc., 176 F. Supp. 2d 642, 649 (N.D. Tex. 2001) ("*Red Bull* and its progeny do not hold that forum selection clauses are never enforceable in civil rights actions; rather, *Red Bull* teaches that the district court . . . may in its discretion find cause to ignore the general rule of the enforceability of valid forum selection clauses." (finding the implication of civil rights alone inadequate to preclude enforcement of a forum selection clause).

## II:     Lack of Personal Jurisdiction

The Plaintiffs' Complaint does not state a predicate for personal jurisdiction over the Defendants because it is devoid of any allegations that the Defendants conducted any activity in South Carolina pertinent to this case. Personal jurisdiction over an out-of-state defendant may be either general or specific.

### A:     General Jurisdiction

Section 36-2-802 of the South Carolina Code authorizes general jurisdiction over persons who do business or maintain a principal place of business in the forum state. *See* S.C. Code Ann. § 36-2-802 (2009). As such, general jurisdiction arises from a party's continuous and systematic activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-16 (1984). These activities must be "so substantial and of such a nature as to justify suit against [the defendants] on causes of action arising from dealings entirely distinct from those activities." *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). General jurisdiction is proper where the defendant has purposefully "availed himself of the privilege of conducting business [in the forum state]." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).

In the instant matter, the Plaintiffs fail to establish, much less argue, that the Defendants have any systematic relationship with South Carolina. When a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Tetrev,* 465 F. Supp. 2d at 558. In their Complaint, the Plaintiffs state that Premise is "a corporation duly formed and existing under the laws of the state of North Carolina [and] the individual Defendants are [] citizens and residents of the State of North Carolina, and were officers and owners of the Defendant corporation." [Complaint, ¶ 4]. Subsequently, the Defendants challenged the existence of personal jurisdiction in South Carolina and asserted that Premise does not currently conduct any business in

8

South Carolina. [Def. Mem. in Support, pp.6-9] Significantly, the Plaintiffs do not even attempt to contradict the Defendants in their Memorandum in Opposition to Defendants' Motion. Thus, South Carolina lacks general jurisdiction over the Defendants.

### B: Specific Jurisdiction

A court may exercise specific jurisdiction when "the out of state defendant engage[s] in some activity purposely aimed toward the forum state and . . . the cause of action arise[s] directly from that activity." *ESAB Group, Inc. v. Centricut, LLC,* 34 F. Supp. 2d 323, 331-32 (D.S.C. 1999); *see* S.C. Code Ann. § 36-2-803. Minimal, isolated or unsolicited contacts, however, do not give rise to the required purposeful connection between an out of state defendant and the forum state. *Umbro USA Inc. v. Goner,* 825 F. Supp. 738, 741 (D.S.C. 1993).

In the instant matter, the Plaintiffs' Complaint alleges no individual conduct, acts, or contacts by any of the Defendants aimed toward South Carolina. Additionally, the Contract at issue was entered into in the State of North Carolina. [Contract, ¶ 27]. Because the Plaintiffs have completely failed to respond to the Defendants' assertion that this Court lacks specific jurisdiction over the Defendants, South Carolina lacks specific jurisdiction over the Defendants. As such, the Plaintiffs have not met their burden in establishing that this Court may properly exercise personal jurisdiction over the Defendants, and South Carolina has neither general nor specific jurisdiction over any of the Defendants.

## III: Forum Selection Clause and the Individual Plaintiffs

The Plaintiffs further assert that the forum selection clause does not apply to them as individuals because neither plaintiff "agreed to be bound in anyway by the Agreement." While this Court has found no authority addressing the issue of whether non-signatories to a contract are bound by the provisions of a forum selection clause in the contract, there is ample authority holding that non-signatories, specifically principles of a corporation, are bound by the terms of an arbitration clause in a

9

contract to which the corporation is a party. However, it is not necessary to address the Plaintiffs' argument that the forum selection clause does not apply to them as individuals because, as discussed above, the Plaintiffs have failed to show that personal jurisdiction exists over the Defendants.

## Conclusion

In conclusion, this Court finds that the forum selection clause was the result of an arm's length transaction by two sophisticated business entities. The Plaintiffs have failed to establish that the forum selection clause at issue is unreasonable, and this Court finds the clause to be valid and enforceable. Moreover, this Court finds that the forum selection clause applies to the Plaintiffs' contract-related tort claims without deciding whether the clause applies to the Plaintiffs' civil rights claim. As such, venue in the United States District Court for the District of South Carolina is improper. Additionally, this Court lacks personal jurisdiction over the Defendants, and dismissal is appropriate. Based on the foregoing, Defendants' Motion to Dismiss for improper venue and lack of personal jurisdiction is **GRANTED.** This case is hereby **DISMISSED** in its entirety *without prejudice*.[8]

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
December 28, 2009

---

[8]The Court notes that the Plaintiffs will not be prejudiced by this dismissal because the statute of limitations will not be implicated so long as the Plaintiffs re-file in North Carolina in a timely fashion.